## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROBERT W. BROWN** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 09-1062** |
| | * | |
| **COSTCO WHOLESALE CORP.** | * | |
| | * | |
| Defendant. | * | |

## <u>MEMORANDUM OPINION</u>

Robert W. Brown has sued Costco Wholesale Corp. ("Costco"), alleging claims of employment discrimination and retaliation. Costco has filed a Motion to Dismiss [Paper No. 4], arguing that Brown's claims are either untimely or fail to state a claim upon which relief can be granted. Brown filed no opposition to the Motion within the applicable deadline. Despite the fact that the Court thereafter issued a Show Cause Order directing him to explain why the Motion to Dismiss should not be granted, he has still failed to file an opposition to the Motion.[1]

Having considered Brown's failure to file an opposition or to comply with the Court's Show Cause Order, as well as Costco's arguments for dismissal, the Court **GRANTS** Costco's Motion to Dismiss with Prejudice.

## I.

The Complaint states that Brown is an African-American male who, at all relevant times, was employed by Costco at its Fairfax, Virginia facility. After suffering an injury to his knee, he required surgery and was granted extended leave from work to recover from the procedure. Upon

---

[1]Costco filed its Motion to Dismiss on August 31, 2009, so that Brown's response was due September 17, 2009. The Court issued its Show Cause Order on November 18, 2009, giving 14 days to explain why the Motion to Dismiss should not be granted.

returning to work, Brown presented a note from his doctor stating that he was disabled and that he required job-related accommodations. As a result, he was given a light duty position as a forklift driver and a four day work week consisting of 5 ½ hour work days. However, according to Brown, upon returning he was subjected to hostility and disciplinary warnings relating to his disability-related absenteeism. On several occasions he was suspended without pay for failing to report for work. On or about October 6, 2006, his employment with Costco was terminated. Brown states that non-African American employees were treated more favorably than he when seeking sick leave and other accommodations.

This action followed. Brown asks for injunctive relief, lost wages and other non-monetary benefits, punitive damages, and attorney's fees and costs.

## II.

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order. Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding that a district court may invoke Rule 41(b) *sua sponte*). Plaintiff in this case has failed to do either. He failed to respond to Defendant's timely Motion to Dismiss, then failed to comply with the Court's Order requiring that he show good cause within fourteen days as to why Costco's Motion should not be granted. Under these circumstances dismissal under Rule 41(b) is clearly appropriate.

## III.

Leaving aside Brown's failure to comply with the Show Cause Order, the Court agrees with Costco's arguments for dismissal.

An action asserting claims under Title VII or the Americans with Disabilities Act ("ADA")[2] must be brought within 90 days of receipt of a right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). Brown filed the Complaint in this case 513 days after the issuance of the EEOC's November 28, 2007 Notice of Right to Sue. Accordingly, his claims brought under Title VII and the ADA must also be dismissed because they are untimely.

## IV.

Brown's remaining claims pursuant to 42 U.S.C. § 1981 are dismissible because they fail to state a claim upon which relief can be granted.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In making its determination, the court must consider all well-pled allegations in a complaint as true and must construe all factual allegations in the light most favorable to the plaintiff. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). The court need not, however, accept conclusory factual allegations devoid of any reference to actual events. *See E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### A.

Because Brown has not alleged any direct racial animus on the part of Costco, in order to make out a disparate treatment claim under § 1981 he must show that: (1) he is a member of a racial minority; (2) his job performance was satisfactory; (3) he suffered and adverse

---

[2]The Complaint does not set out a separate claim under the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12101. However, it mentions the ADA on the first page as one of the grounds for relief. To the extent that Brown is attempting to bring a claim under the ADA, such claim is dismissed for failure to prosecute, failure to comply with a court order, and untimeliness.

employment action; and (4) similarly situated employees outside his protected class were treated more favorably. *Luy v. Baltimore Police Dep't*, 326 F. Supp. 2d 682, 688 (D. Md. 2004).

Brown has failed to sufficiently plead the fourth element of this claim. As to this element, the Complaint simply states that "upon belief and information" other employees who were not African-American were "treated more favorably by Defendant . . . when they sought accommodations . . . for medical conditions or injuries," and "with respect to disciplinary [sic] related to sick leave requests and absenteeism." Compl. ¶¶ 38, 39.

Such pleading is plainly insufficient. The Complaint provides no detail whatsoever as to how race influenced the employment actions at issue in this case. Nor does the Complaint allege how non-African Americans were, or would have been, treated differently under similar circumstances. The Supreme Court has made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Brown's conclusory statement that non-African Americans have been treated more favorably, without more, is insufficient to state cause of action for disparate treatment.

## B.

To make a pima facie showing of retaliation under § 1981, Brown must demonstrate that: (1) he engaged in a protected activity; (2) his employer took a materially adverse employment action against him; and (3) there was a causal connection between the protected activity and the adverse employment action. *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Brown has failed to allege that he engaged in any cognizable protected activity. To be sure, the Complaint alleges that he engaged in protected activity "when he advised Defendant's

agents that he suffered from a disability in his knee, and sought work-related reasonable accommodations for the same." Compl. ¶ 45. But this allegation cannot be read to constitute a protest or opposition to alleged <u>race</u> discrimination. The allegation makes no reference to race whatsoever. Because he has failed to sufficiently plead the necessary elements, Brown's retaliation claim under § 1981 also fails.

## V.

For the foregoing reasons, the Court **GRANTS** Costco's Motion to Dismiss with Prejudice.

A separate Order will **ISSUE**.

_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**December 17, 2009**